**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 13, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

FOLARIN HENRY ALABI,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 21-9514
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, **PHILLIPS**, and **EID**, Circuit Judges.

_____

Folarin Henry Alabi, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' (BIA) decision that affirmed the immigration judge's (IJ)

discretionary denial of his request for a waiver of the joint-filing requirement to remove

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the conditions of his status as a permanent resident under 8 U.S.C. § 1186a(c)(4)(A).  We

dismiss the petition for lack of jurisdiction.

## I.  BACKGROUND

Mr. Alabi entered the United States with a student visa in February 2008.  He

married Kimberly Straughter, a U.S. citizen, in March 2009.  On August 6, 2010,

Mr. Alabi adjusted his status to that of a conditional permanent resident for a two-year

period under 8 U.S.C. § 1186a(a)(1).  In June 2012, Mr. Alabi and Ms. Straughter filed

with the United States Citizenship and Immigration Services (USCIS), a joint petition to

remove the conditions of his residence under 8 U.S.C. § 1186a(c)(1).

Ms. Straughter, however, failed to appear for her scheduled interview with USCIS

in May 2013; instead, several weeks later, she sent a letter withdrawing her support for

the petition.  Specifically, Ms. Straughter represented that she and Mr. Alabi "had not

been living as husband and wife since October 2010," and she "filed for divorce [in]

August 2011."  Admin. R. at 1065 (capitalization altered).  She further stated that

Mr. Alabi "married [her] for imm[i]gration only and he refuse[d] to divorce [her] because

of it."  *Id.* (capitalization altered).  She believed "he also may have signed [her] name on

the final paperwork."  *Id.* (capitalization altered).  The record reflects that their divorce

was finalized in July 2013.  On October 7, 2013, USCIS issued Mr. Alabi a "Notice of

Termination of Conditional Residence" on the grounds that he no longer had a properly

filed joint petition as required under 8 C.F.R. § 216.4(a)(6*)*.  Admin. R. at 1091.

Additional problems for Mr. Alabi arose in November 2015, when he was charged

in a two-count federal indictment with conspiracy to commit marriage fraud and aiding

2

and abetting marriage fraud.  Shortly thereafter, Immigration and Customs Enforcement commenced removal proceedings against Mr. Alabi, who in turn filed a new petition with USCIS under § 1186a(c)(4) requesting a waiver of the joint-filing requirement on the grounds of "extreme hardship" and "good faith."[1]

In April 2017, while his application for a waiver was pending, Mr. Alabi was convicted by a jury on both counts in the indictment and sentenced to eighteen months' imprisonment.  Following the jury's verdict, the United States Attorney's Office issued a press release describing Mr. Alabi as "the leader of the conspiracy."  Admin. R. at 1063. In August, USCIS denied the waiver because Mr. Alabi failed to establish a "good faith" marriage.

Mr. Alabi sought review of USCIS's decision in the removal proceedings.  *See* 8 C.F.R. § 1216.5(f) ("[T]he alien may seek review of such decision in removal proceedings.").  To that end, in November 2018, he testified before the IJ about the circumstances of his marriage.  Briefly summarized, Mr. Alabi denied marrying Ms. Straughter for immigration purposes.  He also denied forging Mr. Straughter's signature on the joint petition or having any knowledge that she had filed for divorce.  He further insisted his convictions related to marriage fraud were based on "false accusation[s]."  Admin. R. at 969.

---

[1] There are four bases for waiver of the joint-filing requirement, including "extreme hardship" under § 1186a(c)(4)(A), which requires the applicant to show his or her removal would result in "extreme hardship," and "good faith" under § 1186a(c)(4)(B), which requires the applicant to show he or she entered into the marriage in "good faith."

At the conclusion of the hearing, the IJ found Mr. Alabi failed to prove his entitlement to a "good faith" waiver, citing: (1) his forgery of Ms. Straughter's signature on the joint petition; (2) his convictions related to marriage fraud and his role as ringleader; and (3) numerous contradictions between his testimony and the documentary evidence.

Mr. Alabi appealed to the BIA, arguing, among other things, the IJ erred by requiring him to show a "good faith" marriage before considering an "extreme hardship" waiver. In May 2019, the BIA issued its first decision, which affirmed the IJ's finding of no "good faith" marriage but agreed with Mr. Alabi that the IJ should have also evaluated the "extreme hardship" waiver.

On remand, the parties disagreed whether the IJ had jurisdiction to adjudicate the "extreme hardship" waiver because USCIS had not yet ruled on the issue. The parties further disagreed on the relevant time period in which to assess "extreme hardship." For its part, the government argued the relevant period was from August 6, 2010, to August 6, 2012, under § 1186a(c)(4), which provides "[i]n determining extreme hardship, the Secretary of Homeland Security shall consider circumstances occurring only during the period that the [noncitizen] was admitted for permanent residence on a conditional basis." According to the government, circumstances occurring outside the relevant two-year period when Mr. Alabi was admitted for conditional residency, such as hardship to Mr. Alabi's son Daniel, who was born in June 2013, could not be considered. Mr. Alabi, on the other hand, argued the relevant period ran from August 6, 2010, to October 7,

2013, when USCIS issued its notice terminating his conditional residency, and therefore included hardship to Daniel.

Mr. Alabi testified he plans to take Daniel (and another son born in 2016) with him to Nigeria if he is removed. Daniel is autistic and has speech and developmental problems that require him to attend a special school. He cannot dress himself and needs constant care, including help going to the bathroom. According to Mr. Alabi, Daniel would endure extreme hardship in Nigeria because there are no suitable schools and limited medical care. The documentary evidence included, among other things, Daniel's medical records (including information about his ongoing therapy) and articles discussing challenges for children with disabilities in Nigeria. Mr. Alabi added he would face his own extreme hardship for several reasons, including: (1) the lack of any assets in Nigeria; (2) difficulty finding employment; and (3) possible danger from the terrorist organization Boko Haram.

The IJ determined he had jurisdiction and ruled the relevant time period was August 6, 2010, to August 6, 2012, which excluded any hardship to Daniel. The IJ assumed Mr. Alabi was credible but found no "extreme hardship." In the alternative, the IJ denied a waiver on discretionary grounds.

Mr. Alabi appealed to the BIA raising two arguments: (1) the IJ lacked jurisdiction to adjudicate the "extreme hardship" waiver because USCIS had not yet ruled on the issue and (2) the IJ erred in limiting the relevant time period for assessing hardship from August 6, 2010, to August 6, 2012. The BIA issued a second decision in which it

agreed the IJ lacked jurisdiction to adjudicate the "extreme hardship" waiver and ordered

the proceedings be continued pending a decision from USCIS.

USCIS eventually decided the case and ruled the relevant time period for

evaluating hardship ended on August 6, 2012, and as a result, Mr. Alabi failed to

establish "extreme hardship."  In the alternative, it considered hardship to Daniel and

denied a waiver in the exercise of its discretion.  Mr. Alabi sought review with the IJ.[2]

In a written decision, the IJ reaffirmed his ruling that the relevant time period for

assessing hardship ended on August 6, 2012, and Mr. Alabi failed to establish "extreme

hardship" based on circumstances occurring this period.  In the alternative, the IJ found

that "even if [Mr. Alabi] had established the necessary level of extreme hardship for

the . . .  waiver under [§ 1186a(c)(4)(A)] . . . and even if hardship to his two children may

be factored, the [c]ourt nonetheless denies his . . . extreme hardship waiver as a matter of

discretion."  Admin. R. at 138.  In reaching this determination, the IJ accepted as credible

Mr. Alabi's testimony concerning Daniel's medical condition and special needs but found

"[t]he additional presumed hardships to his two children, one of whom has a

developmental disability and is on the autism spectrum, would still be insufficient for

th[e] [c]ourt to find that the balance of the equities would tip in his favor."  *Id.* at 137.  In

particular, the IJ cited Mr. Alabi's:  (1) "severe, serious, and recent" convictions for

conspiracy to commit marriage fraud and aiding and abetting marriage fraud; (2) role as

ringleader of the conspiracy; (3) sham marriage; (4) forgery of Ms. Straughter's signature

---

[2] On review to the IJ, Mr. Alabi abandoned his request for a "good faith" waiver.

on the joint petition; and (5) other material misrepresentations in trying to gain immigration benefits. *Id.*

Mr. Alabi appealed to the BIA. The BIA did not address the IJ's ruling on the relevant time period or his hardship determination because it agreed with the IJ that "even assuming that the conditional residence period was extended and the extreme hardship standard was met, [Mr. Alabi] did not merit relief in the exercise of discretion in light of his criminal record." *Id.* at 3.

Citing *Matter of Marin*, 16 I. & N. Dec. 581, 584 (B.I.A. 1978), the BIA explained in order "[t]o determine whether [Mr. Alabi] merits . . . relief [as a matter of] discretion, we weigh the adverse factors evidencing his undesirability as a permanent resident against the social and humane considerations presented in his behalf and ask whether, on balance, [Mr. Alabi's] continued presence in the United States would be in the best interests of this country." Admin. R. at 4. The BIA ultimately determined that the IJ "correctly concluded that [Mr. Alabi's] significant negative factors militate against a favorable exercise of discretion in this case" and dismissed the appeal. *Id.* This petition for review followed.

## II. ANALYSIS

In its decision, the BIA assumed Mr. Alabi was eligible for an "extreme hardship" waiver but did not merit the waiver in the exercise of discretion. This is precisely the type of discretionary decision the courts lack jurisdiction to review. *See Iliev v. Holder*, 613 F.3d 1019, 1023 (10th Cir. 2010) ("We lack jurisdiction to review the decision to deny [an extreme hardship waiver] where eligibility for the waiver has been established

but the agency nevertheless has exercised its discretion to deny relief." (brackets and internal quotation marks omitted)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review . . . decision[s] or action[s] of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.").

Specifically, "the question whether to remove the conditional basis of the permanent resident status of a[n] . . . alien who [is eligible for one of the four waivers described in § 1186a(c)(4)(A)-(D)], is among those decisions entrusted by Congress to the Attorney General's discretion." *Iliev*, 613 F.3d at 1022 (internal quotation marks omitted). Further, § 1186a(c)(4) provides that "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security."

Notwithstanding the jurisdictional bar that prevents this court from reviewing the agency's discretionary decisions, we are not "preclud[ed] [from] review[ing] . . . constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), which are "review[ed] . . . *de novo*." *Iliev*, 613 F.3d at 1025. However, we reject Mr. Alabi's attempt to raise a question of law by arguing an issue neither decided by the BIA nor necessary to the resolution of the case: whether the IJ erred in holding the relevant time period of conditional residence for which extreme hardship may be assessed ended on August 6, 2012. To be sure, in an appropriate case this could raise a question of law; however, it has no bearing on how Mr. Alabi's case was ultimately

resolved and therefore need not be addressed.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute.").

For his final argument, Mr. Alabi asserts the IJ's exclusion of hardship to Daniel "affected the discretionary determination by foreclosing consideration of the hardship to [his] special needs U.S. citizen child."  Pet'r's Opening Br. at 23.  This argument finds no support in the record.  To the contrary, the IJ considered the testimony and documentary evidence concerning Daniel's condition and special needs in balancing hardship against the factors weighing against a favorable exercise of discretion.  We decline Mr. Alabi's invitation to reweigh the evidence, which is not "within our jurisdictional ken," *Illiev*, 613 F.3d at 1024.

### III.  CONCLUSION

The petition for review is dismissed for lack of jurisdiction.

Entered for the Court

Jerome A. Holmes
Circuit Judge

9